IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 20, 2001

**ROGER M. GARDNER v. STATE OF TENNESSEE**

**Post-Conviction Appeal from the Criminal Court for Sullivan County**
**No. C43,548     Phyllis H. Miller, Judge**

_____

**No. E2000-02270-CCA-R3-PC**
**November 30, 2001**
_____

The petitioner, Roger M. Gardner, appeals the order of the Sullivan County Criminal Court denying his petition for post-conviction relief. A Sullivan County jury found the petitioner guilty of attempted aggravated kidnapping, and the trial court subsequently sentenced him to serve eight years as a Range II multiple offender. The petitioner challenged his conviction on direct appeal, and this Court affirmed his conviction. State v. Roger Morris Gardner, No. 03C01-9712-CR-00524, 1999 WL 486847, at *1 (Tenn. Crim. App. at Knoxville July 13, 1999). Subsequently, the petitioner filed for post-conviction relief, alleging ineffective assistance of counsel, prosecutorial misconduct, judicial misconduct, the trial court's lack of jurisdiction, and denial of statutory rights. The post-conviction court denied the petition, and the petitioner now brings this appeal alleging ineffective assistance of counsel. For the following reasons, we find that none of these allegations merit relief and therefore affirm the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Roger M. Gardner, Mountain City, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General; Greeley Wells, District Attorney General; and Barry P. Staubus, Assistant District Attorney, for appellee, State of Tennessee.

**OPINION**

**Factual Background**

On direct appeal, this Court summarized the facts of the case as follows:

Beth Davidson testified that on December 5, 1996, she was working as a desk clerk at the Westside Inn in Kingsport, Tennessee. Shortly after 12:30 a.m., Appellant came in the front door and asked to use the telephone to call for a ride home. Appellant then used the telephone and sat down on a couch when he was finished.

Davidson testified that after Appellant sat down on the couch, she went into the bathroom to hang up a broom. When Davidson attempted to leave the bathroom, Appellant approached the doorway and put up his hands to block Davidson's way out. When Davidson tried to go past Appellant, he grabbed both of her arms and held them in a tight grip. After a brief struggle, Davidson fell to her knees, and Appellant fell on top of her. Appellant then grabbed one of Davidson's arms and placed one of his hands over Davidson's mouth and pressed "very hard." Davidson then "kicked and fought" and managed to crawl out from under Appellant after a struggle which lasted between three and four minutes. Davidson testified that during this struggle in the bathroom, she sustained a cut to her hand, bruises to her knees, and muscle sprains in her neck and back.

Davidson testified that after she crawled out from under Appellant, she went to the telephone by the front counter and called 9-1-1. Appellant then picked up his hat and jacket from off the couch and left through a side door.

Davidson testified that sometime later that night, the police brought Appellant to the scene, and she identified him as the man who had attacked her.

Officer Joe Graham of the Kingsport Police Department testified that at approximately 1:44 a.m. on December 5, 1996, he responded to a call at the Westside Inn. After Davidson related the events that had just occurred, Graham went to the phone registry that recorded outgoing calls in order to determine who Davidson's assailant had called. Graham then called the last recorded phone number and received information that Appellant had dialed that number. Graham then put out a BOLO (be on the lookout) for Appellant. Graham testified that shortly thereafter, he showed Davidson a photographic line-up, and she immediately identified the photograph of Appellant as the man who had attacked her.

Graham testified that Appellant was subsequently apprehended and brought to the Westside Inn. The police officers then asked Appellant to get out and stand by the side of the police car. Davidson then identified Appellant as her attacker.

Officer David Samples of the Kingsport Police Department testified that after receiving information from Officer Graham on December 5, 1996, he located Appellant at a house in Kingsport. When Samples asked Appellant if he had been

to the Westside Inn on that date, Appellant initially denied being there. When Samples told Appellant that he matched the description of a subject who had been at that location, Appellant admitted that he had been at the Westside Inn to use the telephone.

Id. at *1-*2.

The petitioner appealed his conviction to this Court, and we affirmed his conviction, finding that the trial court's flight instruction constituted harmless error and that all other grounds of appeal lacked merit. Id. at *5-*8. The petitioner then filed for post-conviction relief on the following grounds, as summarized by the post-conviction court:

A. Errors committed by the trial court:

1. The trial court lacked jurisdiction to convict/sentence the petitioner, as the elements of the crime were not proven; the court should have granted a judgment of acquittal;

2. The trial court failed to properly charge the jury as to circumstantial evidence;

3. The trial court failed to follow statutory sentencing guidelines;

4. The state committed prosecutorial misconduct primarily in closing argument, and the court committed judicial misconduct by allowing the state actions; and

5. The trial court committed judicial misconduct by:
   a. allowing an "admission against interest," knowing that such "admission" was clearly inadmissible hearsay;
   b. giving an instruction on flight that was clearly improper and bolstered the state's case;
   c. giving an instruction on admission against interest because the petitioner asked for an instruction on identification;
   d. improperly charging the jury as to lesser included offenses and lesser grades of the offense charged; and
   e. improperly charging the jury as to possible length of sentence for each of the lesser included offenses and as to the minimum amount of time a convicted person would have to serve before becoming eligible for release.

B. Ineffective assistance of counsel:

1. Trial counsel failed to recognize and/or preserve for appeal all grounds listed in paragraphs 1 through 5 above;

2. Trial counsel failed to argue (presumably before the trial court) why the flight instruction was improper, which allowed the court to bolster the state's case;

3. Trial counsel failed to object when the court was apparently assisting the state's case by deciding to give the instruction on admission against interest;

4. Trial counsel did not cross-examine Officer Graham on the inconsistent statements as to "the pretrial evidence where he was clearly not stating the truth;"

5. Trial counsel did not cross-examine the victim at trial regarding her previous testimony at the preliminary hearing that she pushed the petitioner, then she fell, and he fell also;

6. Trial counsel requested that the court charge the jury as to lesser offenses, contrary to the petitioner's written request that lesser offenses not be charged;

7. Trial counsel did not interview defense witnesses, stated that their testimony was not beneficial to the petitioner, and asked questions repeatedly that he did not know the answer to; and

8. Trial counsel did not move to suppress the victim's identification of the petitioner and did not challenge Officer Graham and the victim as to whether the "show-up" preceded the photo lineup.

For the following reasons, we find that the petitioner has failed to meet his burden of proving these allegations by clear and convincing evidence and therefore affirm the post-conviction court's denial of the petition.

### Post-Conviction Standard of Review

In analyzing the issue raised, we first note that a petitioner bringing a post-conviction petition for relief bears the burden of proving the allegations asserted in the petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks, 983 S.W.2d at 245 (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Furthermore, the appellate court is bound by the trial court's findings of fact, unless the record preponderates against those findings. Id. at 245.

### Effectiveness of Assistance of Counsel

The petitioner alleges that several errors were committed at the trial level and that his counsel was ineffective for failing to raise these issues. However, all of these issues have been waived,

because they were not presented to this Court on direct appeal, or previously determined, because they were presented to this Court on direct appeal and deemed harmless error or meritless. See Gardner, 1999 WL 486847; Tenn. Code Ann. § 40-30-206(g), (h) (1997). Nevertheless, since the petitioner claims that his counsel was ineffective by failing to raise these issues on direct appeal, we must consider the merits of the waived issues to determine whether those issues would have warranted relief if brought on direct appeal, and therefore whether his counsel's failure to raise these issues resulted in prejudice to the petitioner. See Fred Edmond Dean v. State, No. E1998-00135-SC-R11-PC, 2001 WL 1328491 (Tenn. Oct. 30, 2001). After discussing the issues that were either waived or previously determined on direct appeal and counsel's alleged failure to raise these issues on appeal (the allegations in paragraphs A.1 though B.2 above), we will then discuss the petitioner's claims that deal with instances of alleged ineffective representation at trial (the allegations in paragraphs B.2 through B.8 above).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). "Moreover, on appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them." Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). "The burden is on the petitioner to show that the evidence preponderated against those findings." Id.

### Whether the Trial Court Had Jurisdiction to Sentence the Petitioner

The petitioner alleges that the trial court lacked jurisdiction to convict or sentence him because the state did not prove the elements of the crime beyond a reasonable doubt. However, trial counsel did challenge the sufficiency of the evidence on direct appeal, alleging that the evidence was not sufficient to prove the elements of the crime beyond a reasonable doubt. Gardner, 1999 WL 486847, at *2-*3. This Court determined that the evidence was sufficient to support the petitioner's convictions. Id.. Therefore, because this issue was presented to this Court by counsel and the Court determined on direct appeal that the issue is meritless, the petitioner has suffered no prejudice. Accordingly, we find no ineffective assistance of counsel here.

### Whether The Trial Court's Instruction Regarding Circumstantial Evidence Was Proper

-5-

The petitioner alleges that the trial court improperly instructed the jury regarding circumstantial evidence because the court gave an instruction on both direct and circumstantial evidence and the only evidence against the petitioner was circumstantial in nature. However, as the post-conviction court correctly found, the trial court gave proper instructions, as the jury instructions were very similar to the instructions set forth in Tennessee Pattern Jury Criminal Instruction 42.03, which outlines the definitions of and differences between direct and circumstantial evidence. This instruction was proper because the evidence against the petitioner included direct evidence, as well, as the victim identified the petitioner as her assailant and testified against him at trial. Therefore, because this issue would not have warranted relief if presented on direct appeal, we find that the petitioner was not prejudiced by his counsel's failure to do so. Accordingly, we find that this issue lacks merit.

## Whether the Trial Court Followed the Statutory Sentencing Guidelines

The petitioner alleges that the trial court failed to follow statutory sentencing guidelines, and that his trial counsel was ineffective by failing to raise this issue on direct appeal. However, the petitioner fails to make any specific allegations as to how the trial court failed to follow these sentencing guidelines. First, we find that there is an affirmative showing on the record that the trial court properly considered the sentencing principles and all relevant facts and circumstances per State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Therefore, we conclude that the trial court followed the statutory sentencing guidelines. Although the trial court did not consider whether the petitioner was a suitable candidate for probation or alternative sentencing, we find that the court's action was proper because the petitioner clearly informed the trial court that he was waiving his right to be considered for probation. Because the trial court properly followed the sentencing guidelines, this issue would not have warranted relief if presented on direct appeal. Therefore, the petitioner was not prejudiced by his counsel's failure to do so. Accordingly, we find that counsel was not ineffective in failing to present this issue on direct appeal.

## Whether the State Engaged in Prosecutorial Misconduct

The petitioner argues that the state exceeded the permissible scope of its closing argument by including in its closing arguments subjects that were neither part of its opening statement or in the defense's closing argument and that his counsel was ineffective by failing to raise this issue on direct appeal. Specifically, the petitioner complains that the state should not have included the statement that "flight was not explained," as this statement improperly shifted the burden of proof from the state to the petitioner, nor the reference to whether the petitioner had intent to make a sexual assault by asking "when was he going to grab her private parts?"

Tennessee Rule of Criminal Procedure 29.1(b) provides that:

> The State's opening argument shall cover the entire scope of the State's theory, and the State's closing argument shall be limited to the subject matter covered in the State's opening argument and the defendant's intervening argument.

Defendant's argument is not limited to the matters actually argued by the State[,] but may address any relevant and proper subject.

Tenn. R. Crim. P. 29.1(b). After reviewing the record, for the following reasons we find that trial counsel was not deficient in his representation of the petitioner by failing to object to these remarks or raise this issue on direct appeal.

The state's remarks regarding whether the petitioner was attempting a sexual assault were proper because they were made in the state's rebuttal to the defense's closing argument. In this rebuttal argument, the state addressed defense counsel's argument that the petitioner lacked intent to commit a sexual assault by countering that the petitioner was too preoccupied with trying to gain control over the victim to have the opportunity to attempt a sexual assault. Furthermore, the state's remarks regarding the petitioner's flight were predicated on the fact that the trial court was going to instruct the jury on flight. On direct appeal, this Court found the flight instruction to be erroneous, but deemed it harmless error, as the petitioner's guilt was overwhelming and the trial court instructed the jury that they need not infer flight and that flight alone is insufficient to prove guilt. Gardner, 1999 WL 486847, at *5. Accordingly, we find that the state's references to the petitioner's flight and the flight instruction were, even if considered erroneous, harmless as well. Because this issue would not have warranted relief on direct appeal, we find that the petitioner was not prejudiced by his counsel's failure to raise this issue on direct appeal. This issue lacks merit.


## Whether the Trial Court Committed Judicial Misconduct

The petitioner alleges that the trial court erred by committing several instances of "judicial misconduct." First, the petitioner alleges that the trial court erroneously allowed an admission against interest, despite the fact that it was inadmissible testimony, and that his trial counsel was deficient by failing to raise this issue on appeal. However, trial counsel did raise this issue on direct appeal, and this Court deemed it meritless. Id. at *6. Counsel cannot be said to be ineffective with respect to this issue.

The petitioner alleges that the trial court's instruction on flight improperly bolstered the state's case and that his trial counsel provided ineffective representation by failing to raise this issue on appeal. However, trial counsel did raise this issue an appeal, and, as noted above, this Court previously found the flight instruction to be harmless error. Id. at *5. Therefore, once again, counsel was not ineffective with respect to this issue.

The petitioner claims that the trial court erred because it gave the instruction on admission against interest solely because the petitioner requested an instruction on identity. However, the post-conviction court concluded that although the state's attorney suggested that an instruction on identity should not be given unless an instruction on statements against interest was also given, the trial court did not make its decision on this basis. Furthermore, this Court previously decided that the instruction on statements against interest was proper. Therefore, counsel's actions on appeal regarding this issue do not constitute ineffective assistance.

The petitioner alleges (1) that the trial court erred by instructing the jury on the lesser included offenses of his indicted offense, aggravated kidnapping, despite his objection to such

instructions, (2) that the trial court should not have instructed the jury on assault causing bodily injury and assault by offensive touching, and (3) that his trial counsel deficiently represented him by not raising these issues on appeal. First, we note that a trial court's obligation to instruct the jury on lesser-included offenses of the indicted crime is mandatory if the facts would support a conviction for the lesser offense. See Tenn. Code Ann. § 40-18-110(a) (1997); State v. Bolden, 979 S.W.2d 587 (Tenn. 1998). Furthermore, we find that there was evidence from which the jury could have found the petitioner guilty of the lesser offenses of assault. The petitioner touched the victim in an offensive manner when he restrained her and caused her bodily injury, as evidenced by her testimony and photographs of her injuries. Therefore, these instructions were both proper and mandatory, the petitioner was not prejudiced by them. Therefore his attorney acted appropriately in not raising this issue on appeal.

The petitioner alleges that the trial court improperly instructed the jury on (1) the possible length of the sentences for each lesser-included offense and (2) the minimum amount of time that he would have to serve before becoming eligible for release. The post-conviction court reviewed this issue and correctly determined that the trial court's instructions on the ranges of punishment were proper, as they were in accordance with those ranges set forth in Tennessee Code Annotated Sections 40-35-111(e) and 40-35-112(b). Furthermore, the post-conviction court also properly concluded that the trial court instructed the jury regarding release eligibility for the felony offenses in accord with Tennessee Code Annotated Section 40-35-201(b)(2)(B) and that the misdemeanor offenses required no instruction on the minimum release eligibility, as the minimum sentence for the misdemeanors was zero years. Because this issue lacks merit, trial counsel was not deficient in failing to raise this issue on direct appeal.

When reviewing the petition, the post-conviction court also considered the impact of the trial court's failure to give the mandatory instruction informing the jury that a defendant may not be released when he or she first becomes eligible for release and may be required to serve his or her full term. While this issue was not included in the petition itself, it was included in a memorandum of law attached to the petition. The post-conviction court considered the error because the petitioner claimed that his trial counsel was ineffective for failing to object to the lack of a release eligibility instruction at trial or raise the issue on appeal. Admitting error, the post-conviction court ultimately deemed the error to be harmless in light of the overwhelming evidence of the petitioner's guilt. We agree with the post-conviction court that the trial court did err by omitting the statutorily mandated sentencing instruction in Tennessee Code Annotated Section 40-35-201(b)(2)(A)(ii). We also agree that the omission constituted error that is harmless beyond a reasonable doubt in light of the following discussion of relevant legal principles and the overwhelming proof of the petitioner's guilt.

A defendant has a constitutional right to a complete and accurate charge of the law. State v. Teel, 793 S.W.2d 236 , 249 (Tenn. 1990). When reviewing the charge given by the lower court, this Court must review the entire charge and only invalidate it if, when read as a whole, it fails to fairly submit the legal issues or mislead the jury as to the applicable law. State v. Phipps, 883 S.W.2d 138, 142 (Tenn. Crim. App. 1994).

We find that in the instant case, the jury was not mislead as to the applicable law; the jury instruction was merely incomplete. Additionally, it seems unlikely that the jury based its verdict on the petitioner's release eligibility, as they convicted him of attempted aggravated kidnapping, which

carries a six (6) to ten (10) year sentence, instead of convicting him of kidnapping, which carries the same sentence range and release eligibility date as attempted aggravated kidnapping, or of aggravated kidnapping, which carries a twelve (12) to twenty (20) year sentence and a minimum release eligibility date of 10.2 years. Furthermore, we find that the petitioner has not been prejudiced by this omission. As this Court noted on direct appeal, the evidence of the petitioner's guilt was overwhelming. Gardner, 1999 WL 486847, at *5. Therefore, the petitioner has not been prejudiced, and his counsel cannot be faulted in failing to present this issue on appeal.

### Whether Trial Counsel Was Ineffective by Failing to Argue Why the Flight Instruction Was Improper

Th petitioner argues that his trial counsel should have argued at trial that the flight instruction was improper. However, when the propriety of the flight instruction was raised on direct appeal, this Court found that the instruction was harmless error. Id. Therefore, the petitioner was not prejudiced by the instruction and, accordingly, he was not prejudiced by his trial counsel's failure to argue this issue before the trial court.

### Whether Trial Counsel Was Ineffective by Failing to Object When the Trial Court Decided to Give the Instruction on Admissions Against Interest

The petitioner argues that his trial counsel was ineffective by failing to object when the trial court decided to give an instruction on admission against interest, which was objectionable because the trial court was assisting the state's case. However, this Court ruled on direct appeal that the admission against interest instruction was proper. Id. at *6. Therefore, we find that the petitioner could not have been prejudiced by his counsel's failure to object to this instruction and accordingly find that this issue lacks merit.

### Whether Trial Counsel Was Ineffective by Failing to Impeach a State's Witness Through Use of Prior Inconsistent Statements

The petitioner argues that his trial counsel was ineffective because the officer failed to cross-examine Officer Joe Graham, who investigated the victim's complaint, on the grounds that at trial he testified that he called the number that the petitioner had previously called while using the hotel's telephone, while in the officer's affidavit of complaint, the officer stated that "Central" called this number. However, this issue was not material, as the telephone call's significance was that it allowed the police to locate the petitioner, who admitted to having been in the motel lobby and to having made a telephone call from it. The post-conviction court found that trial counsel's cross-examination of the petitioner was exhaustive and that trial counsel could have detracted from the petitioner's case if counsel had taken additional time to cross-examine the officer regarding this insignificant issue. We agree with the post-conviction court and find that the petitioner has not

-9-

demonstrated that he has suffered any prejudice by trial counsel's failure to cross-examine the witness on this subject. This issue lacks merit.

### Whether Trial Counsel Was Ineffective by Failing to Impeach the Victim with Her Previous Testimony from the Preliminary Hearing

The petitioner claims that his trial counsel was ineffective because he failed to cross-examine the victim regarding her version of the events of the crime, as the victims' testimony at trial was inconsistent with her testimony at the preliminary hearing. However, after reviewing the record, we find that the victim's testimony at trial was consistent with her earlier testimony, and therefore any cross-examination of the victim regarding these facts would have only served to bolster the victim's testimony. Therefore, trial counsel's performance was not deficient in failing to cross-examine the victim on this subject. This issue lacks merit.

### Whether Trial Counsel Was Ineffective for Requesting that the Trial Court Charge the Jury on Lesser-Included Offenses

The petitioner argues that his trial counsel was ineffective because he filed a request with the court asking for an instruction on lesser included offenses after the petitioner asked his counsel, in writing, not to file such a request. At the post-conviction hearing, counsel testified that while the petitioner did ask, in writing, that the request not be filed, the petitioner must have later agreed to the submission of the request regarding lesser-included offenses, or counsel would not have filed the request. The post-conviction court accredited the testimony of counsel, and accordingly, we find that trial counsel was not deficient by making this request. Moreover, we also note that because the trial court was required, pursuant to State v. Bolden, 979 S.W.2d 587 (Tenn. 1998) and Tennessee Code Annotated Section 40-18-110(a) (1997), to instruct the jury on all lesser-included offenses whose elements are supported by the facts of the case, the petitioner's objection to such an instruction is immaterial. Accordingly, we find that the petitioner was not prejudiced by the filing of this request, and therefore this issue lacks merit.

### Whether Trial Counsel Was Ineffective in His Preparation and Direct Examination of Defense Witnesses

The petitioner alleges that his counsel was ineffective when handling the defense witnesses, as he did not interview them, stated that their testimony was not beneficial to the petitioner, or asked questions of them during direct examination to which he did not know the answer. However, because the petitioner alleged that his counsel failed to interview witnesses, he had a duty to present these witnesses at the post-conviction hearing so that this court might determine whether their testimony might have altered the results of the trial. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). The petitioner failed to do so. Furthermore, the petitioner also failed to present

any proof that counsel asked questions of witnesses at trial to which he did not know the answer. Accordingly, the petitioner has not met his burden, and therefore we find that this issue lacks merit.

### Whether Trial Counsel was Ineffective By Failing to Challenge the Identification of the Petitioner as the Assailant

The petitioner alleges that his counsel was ineffective for failing to question the investigating officer regarding whether the "show-up," at which the victim identified the petitioner, preceded the photo identification, at which she also identified the petitioner, and for failing to move to suppress the victim's identification of the petitioner as her assailant on the basis that it was illegally obtained. However, after reviewing the record, we find that the photo identification preceded the show-up, not vice versa, and therefore counsel was not deficient for failing to question the officer regarding this fact or moving to suppress the identification on the basis that it was illegally obtained. This issue lacks merit.

### Conclusion

For the foregoing reasons, we find that none of the petitioner's allegations merit relief. Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

-11-