# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
September 5, 2001 Session

# FRED EDMOND DEAN A/K/A OMAWALI ASHANTI SHABAZZ
# v. STATE OF TENNESSEE

**Appeal By Permission from the Court of Criminal Appeals**
**Circuit Court for Sullivan County**
**No. C40, 348     R. Jerry Beck, Judge**

---

### No. E1998-00135-SC-R11-PC - Filed October 30, 2001

---

We granted this appeal to determine whether the petitioner properly raised a claim of ineffective assistance of counsel in a post-conviction proceeding when it was based upon the failure of defense counsel to object to or appeal the trial court's erroneous range of punishment instruction to the jury on the offense of attempted second degree murder. We conclude (1) that the issue of ineffective assistance of counsel was properly raised in the post-conviction proceeding and (2) that defense counsel's failure to object to or appeal the erroneous jury instruction fell below the range of competence demanded of attorneys in criminal cases and was prejudicial to the petitioner. We therefore affirm the judgment of the Court of Criminal Appeals.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER and WILLIAM M. BARKER, JJ., joined.

Richard L. Gaines, Knoxville, Tennessee, for the appellee, Fred Edmond Dean.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Mark E. Davidson, Assistant Attorney General; Greeley Wells, District Attorney General; and Barry Staubus, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

The petitioner, Fred Edmond Dean, was convicted of second degree murder and attempted second degree murder in 1995.[1] The trial court sentenced Dean as a Range II multiple offender to thirty years for the second degree murder conviction and fifteen years for the attempted second degree murder conviction. The convictions and sentences were affirmed on direct appeal by the Court of Criminal Appeals, and this Court denied permission to appeal.

Dean filed a petition for post-conviction relief in July of 1997, which alleged, among other grounds, that Dean was denied his constitutional right to the effective assistance of counsel. The asserted basis for the claim was that Dean's trial and appellate counsel failed to object to or appeal the following instruction to the jury with regard to the range of punishment for attempted first degree murder and its lesser included offenses:

> Attempt to Commit First Degree Murder, fifteen to forty years; Attempt to Commit Second Degree Murder, three to ten years; Attempt to Commit Voluntary Manslaughter; two to eight years; Aggravated Assault, three to ten years; Assault, zero to eleven months and twenty-nine days; Attempt to Commit Assault, zero to six months.

The petition alleged that the instruction was error because it stated that the sentencing range for the offense of attempted second degree murder was three to ten years, when in fact it was eight to thirty years.[2]

At an evidentiary hearing, Dean's trial counsel testified that he was unaware that the range of punishment instruction was incorrect. Counsel also testified that he was unfamiliar with the decision in State v. Cook, in which this Court held that a defendant was entitled to a new trial where the jury was improperly informed that the possible penalties for the charged offense were lower than they actually were. 816 S.W.2d 322, 326 (Tenn. 1991). Although Dean's appellate counsel did not testify at the post-conviction hearing, it is clear that this issue was not preserved in the motion for a new trial, nor was it raised on direct appeal.

The trial court denied post-conviction relief on this ground after concluding that the erroneous range of punishment instruction was a statutory error under Tenn. Code Ann. § 40-35-201(b) and not a constitutional error that is cognizable in post-conviction proceedings. The Court of Criminal Appeals reversed the trial court's ruling after concluding that counsel's failure to object

___

[1] Dean was indicted for the offenses of first degree murder and attempt to commit first degree murder.

[2] At the time of Dean's trial, the relevant statutory provision stated that "upon the motion of either party . . ., the court shall charge the possible penalties for the offense charged and all lesser included offenses." Tenn. Code Ann. § 40-35-201(b) (1997). Effective May 18, 1998, this statute was rewritten and now provides that the trial court may no longer instruct the jury with respect to the possible penalties for the charged offense or lesser included offenses. See Tenn. Code Ann. § 40-35-201(b) (Supp. 2000).

to or appeal the issue violated the petitioner's right to the effective assistance of counsel under the United States and Tennessee Constitutions.

We granted this appeal to resolve this question and to clarify what acts or omissions may serve as the basis for a post-conviction claim of ineffective assistance of counsel.

## ANALYSIS

### Post-Conviction Issues

Although the parties agree that the range of punishment charge to the jury with respect to the offense of attempted second degree murder was error, the threshold issue is whether the petitioner has raised an issue that is cognizable in a post-conviction proceeding. The Post-Conviction Procedure Act provides that relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-203 (1997).

The State argues that the trial court properly determined that the error violated a statutory right which is not a cognizable ground for post-conviction relief and that an erroneous jury instruction may not be challenged in a post-conviction proceeding. The State relies upon Overton v. State, in which this Court affirmed the denial of post-conviction relief based on the trial court's improper instructions to the jury with respect to elements of the charged offense of aggravated rape. 874 S.W.2d 6 (Tenn. 1994).[3] In particular, the State notes that this Court stated that "to allow every error committed by the trial court to be recast in a post-conviction petition as an ineffective assistance of counsel allegation would be to subvert the limited purposes of the post-conviction procedure." Id. at 12.

The defendant, on the other hand, argues that the failure of defense counsel to object to or appeal the incorrect range of punishment instruction to the jury violated his right to the effective assistance of counsel under the United States and Tennessee Constitutions. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999) ("Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee the criminally accused the right to representation of counsel."). The defendant maintains that the Court of Criminal Appeals correctly distinguished Overton by finding that the language relied upon by the State was "cautioning against the use of ineffective assistance of counsel as a mechanism for bringing otherwise improper issues

---

[3]     At the time Overton was convicted, rape was committed only if a defendant used "force" and a victim "resisted in every way possible . . . ." The trial court, however, instructed the jury that "force or coercion" could be established by the use of "parental, custodial, or official authority over a child less than fifteen years of age" – a statutory definition that was not applicable at the time of the offense. We observed that the error "could have been instrumental" in securing the conviction because the defendant used his parental authority and not physical force in committing the offenses. See Overton v. State 874 S.W.2d at 11.

before the post-conviction courts" and was not "carving out a 'failure to object to jury instructions' exception to ineffective assistance of counsel claims."

The Court of Criminal Appeals' interpretation of Overton is correct. We did not state in Overton that a post-conviction ineffective assistance of counsel claim may never be based on trial counsel's failure to object or appeal erroneous jury instructions. Nor did we adopt the view that an ineffective assistance of counsel claim may only be based on counsel's deficient performance relative to a separate constitutional right. To the contrary, as the Court of Criminal Appeals stated, the "abridgment of the constitutional right to the effective assistance of counsel does not require that counsel's act or omission involve a violation of another constitutional right."

Our decisions following Overton illustrate that we have not adopted the unduly restrictive view of ineffective assistance of counsel advocated by the State. In House v. State, the defendant filed a post-conviction petition alleging that his trial counsel was ineffective for failing to seek the identity of a confidential informant. 44 S.W.3d 508 (Tenn. 2001). This Court concluded:

> We need not reach the issue of whether the right to disclosure is constitutional. We are not presented with the question of whether nondisclosure violated House's constitutional rights. Rather, the constitutional claim in this case is ineffective assistance of counsel based on counsel's failure to seek disclosure.

Id. at 513. Similarly, in Goad v. State, we held that trial counsel was ineffective for failing to explore and present mitigating evidence in the sentencing phase of a capital trial and that the deficiency was prejudicial to the petitioner. 938 S.W.2d 363 (Tenn. 1996). Our holding did not require a finding that a defendant has a constitutional right to present mitigating evidence separate and apart from the constitutional right to the effective assistance of counsel. Id. at 369.

Accordingly, we conclude that the constitutional right to effective assistance of counsel under the United States and Tennessee Constitutions is a cognizable issue in post-conviction proceedings irrespective of whether counsel's alleged deficiency implicated a separate constitutional error, a statutory error, a jury instructional error, or any other type of error or deficient performance. A defendant has the constitutional right to the effective assistance of counsel without categorical restrictions. We therefore hold that the petitioner properly raised the issue of his constitutional right to the effective assistance of counsel in the petition for post-conviction relief.

**Ineffective Assistance of Counsel**

A constitutional claim of ineffective assistance of counsel is reviewed under the familiar standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A petitioner must establish that counsel's

performance was deficient and that the deficiency prejudiced the defense. See Baxter, 523 S.W.2d at 936; Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.

Counsel is effective if the advice given or the services rendered are "within the range of competence demanded of attorneys in criminal cases." Baxter, 523 S.W.2d at 936. To prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688, 104 S. Ct. at 2065. To prove prejudice, a petitioner must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S. Ct. at 2068.

Although we have never adopted an exhaustive list of criteria for counsel to satisfy in all cases, we have cited with approval the duties and criteria set forth in the American Bar Association Standards for the Defense Function. See Burns, 6 S.W.3d at 462. The following provisions are relevant in this case:

> Counsel must conduct appropriate investigations, both factual and legal, to determine what matters of defense can be developed. . . . This means that in most cases a defense attorney, or his agent, should interview not only his own witnesses but also those that the Government intends to call, when they are accessible. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. And, of course, the duty to investigate also requires adequate legal research.

Baxter v. Rose, 523 S.W.2d at 933 (quoting United States v. DeCoster, 487 F.2d 1197, 1203-04 (D.C. Cir. 1973)) (emphasis added).

In this case, the parties agree that the trial court's instruction to the jury on the possible penalties for attempted second degree murder was made in error. See Tenn. Code Ann. § 40-35-201(b) (1997). In our view, effective counsel must be aware of the possible punishments applicable to his or her client and must be informed and attentive when the trial court's instructions to the jury embrace such an obviously critical matter. Moreover, our decision in State v. Cook, which emphasized that an erroneous range of punishment instruction similar to that given in this case constitutes reversible error, was decided *four years* prior to the trial in this case and an effective counsel should have been aware of it. See 816 S.W.2d 322 (Tenn. 1991).

Dean's trial counsel nevertheless failed to notice the incorrect jury instruction, failed to be aware of the appropriate ranges of punishment, failed to object to the erroneous instruction during trial, and failed to preserve the erroneous instruction for appeal by listing it in the motion for a new trial. Dean's appellate counsel likewise failed to raise the issue on direct appeal. All of these

functions are basic, yet essential, for preserving and raising errors under our rules of appellate procedure. See Tenn. R. App. P. 3(e).[4] In our view, therefore, the performance of counsel was deficient under the prevailing standards in Baxter and Strickland.

Having concluded that there was a deficiency in the performance of counsel, the remaining portion of the Baxter/Strickland analysis requires us to decide whether the deficiency was prejudicial to the defense. To conclude that prejudice exists, we must determine that there is a reasonable probability that but for counsel's errors the result would have been different.

Applying this analysis, we believe that the deficiency in performance was prejudicial given the critical nature of the error that was permitted to occur without objection or appeal. At the time of this trial, Tenn. Code Ann. § 40-35-201(b) required that the jury know the range of punishment for an offense *before* deciding a defendant's guilt or innocence for the offense. As this Court observed in Cook:

> It is widely perceived by those who observed the operations of our trial courts in previous times, when juries had the additional responsibility of setting punishment, that often they seemed to find guilt of a crime not necessarily most strongly suggested by the evidence, but one the punishment for which suited their sense of justice for the case. Apparently the Legislature desired to give those charged with crimes the option of making certain that the jury knew the punitive consequences of guilty verdicts in the cases under consideration. . . .

Cook, 816 S.W.2d at 326-27.[5] Moreover, we specified in Cook that prejudice occurs when a defendant – like Dean – receives a sentence greater than the range of punishment contemplated by the jury. See id. at 327.

In this case the jury was told by the trial judge that the applicable range of punishment for the offense of attempted second degree murder was three to ten years when in fact it was *eight to thirty years*. Moreover, the range applicable to Dean as a Range II multiple offender was twelve to twenty years. See Tenn. Code Ann. § 40-35-112(b)(2) (1997). The jury therefore was furnished with substantially inaccurate information that may have affected its deliberation when it considered

---

[4] "[I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise, such issues will be treated as waived." Tenn. R. App. P. 3(e) (emphasis added).

[5] We later reaffirmed the rationale in Cook in holding that a trial court's instruction to the jury containing an inaccurate release eligibility date for the charged offense was reversible error. State v. Meyer, 994 S.W.2d 129 (Tenn. 1999).

the charged offense and lesser offenses. Indeed, the jury was told that the punishment for attempted second degree murder was identical to that for aggravated assault and nearly identical to that of attempted voluntary manslaughter. Moreover, Dean was later sentenced by the trial judge to fifteen years for the offense of attempted second-degree murder, *i.e.*, a sentence greater than the punishment contemplated by the jury for that offense. In our view, it is reasonably probable that had counsel objected to and appealed the erroneous jury instruction, the result would have been different and the petitioner would have received a new trial on the offense of attempted second degree murder under our decision in Cook. Accordingly, we hold that the petitioner was prejudiced by the deficient performance of counsel.

## CONCLUSION

After consideration of the issues and applicable law, we conclude (1) that the issue of ineffective assistance of counsel was properly raised in the post-conviction proceeding and (2) that defense counsel's failure to object to or appeal the erroneous jury instruction fell below the range of competence demanded of attorneys in criminal cases and was prejudicial to the petitioner. We therefore affirm the judgment of the Court of Criminal Appeals. Costs of appeal are taxed to the State of Tennessee.

_____
E. RILEY ANDERSON, JUSTICE