IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 19, 2002

## RICKY LEE NETHERTON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Cumberland County**
**No. 5321     Lillie Ann Sells, Judge**

_____

**No. E2001-02989-CCA-R3-PC**
**December 4, 2002**
_____

The petitioner, Ricky Lee Netherton, was convicted by a jury in the Criminal Court of Cumberland County of especially aggravated robbery, a Class A felony. The trial court sentenced the petitioner as a violent offender to twenty-four years incarceration in the Tennessee Department of Correction to be served at one hundred percent (100%). Following an unsuccessful appeal of his conviction, the petitioner filed a petition for post-conviction relief, alleging, among other grounds, ineffective assistance of counsel. The petitioner now brings this appeal challenging the post-conviction court's denial of his petition. After reviewing the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

C. Douglas Fields, Crossville, Tennessee, for the appellant, Ricky Lee Netherton.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William E. Gibson, District Attorney General; and Anthony J. Craighead, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I.  Factual Background**

The State's proof at trial showed that, on September 28, 1998, the petitioner entered a bar owned by the victim. The petitioner approached the victim and inquired about several guns the victim had previously obtained from the petitioner. After the victim claimed that he no longer had the guns, the petitioner pointed a gun at the victim's head, saying, "You're killing my brother. I've got to kill you." The victim attempted to knock the gun away, but in doing so caused the gun to discharge sending the bullet through the victim's hand and into his leg. The petitioner pointed the gun at the victim a second time and again the victim attempted to knock the gun away. This time the gun discharged sending the bullet into the floor. The petitioner then demanded the money from

the cash register and out of a back room. The victim's wife gave the petitioner the money and the petitioner left the bar. The Cumberland County Sheriff's Department later arrested the petitioner, finding two hundred ninety dollars in his pocket. A search of the petitioner's vehicle revealed two hundred sixty-two dollars in the console and a .22 caliber revolver under the driver's seat. An agent with the Tennessee Bureau of Investigation testified at trial that the bullet recovered from the victim's leg was fired from the revolver found in the petitioner's vehicle.

The jury convicted the petitioner of especially aggravated robbery, and the trial court initially sentenced the petitioner as a standard Range I offender to twenty-four years incarceration to be served at thirty percent (30%). However, the trial court later amended the petitioner's judgment form pursuant to Tennessee Code Annotated section 40-35-501(i)(1) (Supp. 2002) by reclassifying the petitioner as a violent offender required to serve one hundred percent (100%) of his sentence.[1] On direct appeal, the petitioner challenged the validity of the indictment and the length of his sentence. This court found no error and affirmed the petitioner's conviction and sentence. State v. Ricky Lee Netherton, No. E2000-01016-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 928 (Knoxville, Dec. 6, 2000).

The petitioner timely filed a pro se petition for post-conviction relief, alleging, among other grounds, ineffective assistance of counsel. The post-conviction court appointed counsel and on August 29, 2001, held a hearing at which neither the petitioner nor the State presented testimony. The petitioner argued that the evidence presented at trial was insufficient to support a conviction for especially aggravated robbery because the evidence failed to show that the victim had sustained "serious bodily injury" or that the injury occurred as a result of the robbery. The petitioner further asserted that counsel was ineffective for failing to raise these issues at trial and on appeal and that this ineffectiveness prejudiced the petitioner because the petitioner's conviction of especially aggravated robbery increased his range of punishment and eliminated his release eligibility. Additionally, the petitioner alleged that counsel was ineffective for failing to object to the testimony of the State's expert witness regarding the victim's injury. In response, the State argued that the petitioner's claims of ineffective assistance of counsel were actually claims challenging the sufficiency of the evidence and, therefore, the claims were inappropriate for post-conviction review.

The post-conviction court denied the petition for post-conviction relief, finding that the petitioner did not prove by clear and convincing evidence that his trial counsel was ineffective. Specifically, the post-conviction court determined that the petitioner's claims challenging the sufficiency of the evidence were issues properly presented to and decided by the jury and did not "raise a claim of constitution[al] dimension as required by the Post-Conviction Procedure Act." Moreover, the post-conviction court found that the petitioner failed to show how counsel's failure to raise the sufficiency of the evidence issues on appeal prejudiced the petitioner. Finally, the post-conviction court concluded that counsel's failure to object to the testimony of the State's expert

---

[1] Tennessee Code Annotated section 40-35-501(i)(1) provides that there shall be no release eligibility for a person committing certain violent offenses, such as especially aggravated robbery. "Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained." Id.

witness, whether trial strategy or an oversight, did not "rise to the level necessary to prove that [counsel's] representation fell below an objective standard of reasonableness, nor has [the petitioner] proven any prejudice therefrom."

## II. Analysis

On appeal, the petitioner asserts that the post-conviction court, by finding that the petitioner was challenging the sufficiency of the evidence, "misinterpreted" the petitioner's claim for post-conviction relief. The petitioner maintains that his claim for post-conviction relief is one of ineffective assistance of counsel. Specifically, the petitioner argues that counsel was ineffective in failing to challenge, at trial and on appeal, both "the sufficiency of proof to support the allegation that serious bodily injury occurred" and "the sufficiency of proof of a knowing or intentional act of robbery coupled with the use of a deadly weapon resulting in serious [b]odily injury to support the indicted charge of Especially Aggravated Robbery."

In a post-conviction proceeding, the petitioner bears the burden of proving the grounds raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a claim of ineffective assistance of counsel presents a mixed question of law and fact subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). As such, the post-conviction court's findings of fact are entitled to a presumption of correctness unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, a post-conviction court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely de novo review with no presumption of correctness. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)).

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Id. at 370.

To establish constitutionally deficient performance, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064; Burns, 6 S.W.3d at 462. Specifically, the petitioner must show that counsel's performance was not within "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). On appeal, this court will not

"second guess" the tactical and strategical decisions of defense counsel, nor measure the representation by "20-20 hindsight." Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Dean v. State, 59 S.W.3d 663, 667 (Tenn. 2001).

Although the petitioner contends that counsel failed to challenge the sufficiency of the evidence, our review of the record reveals otherwise. While counsel did not move for a judgment of acquittal before the jury returned its verdict of guilty, he did file a motion for judgment of acquittal and/or new trial within thirty days of sentencing in accordance with Rule 29(c) of the Tennessee Rules of Criminal Procedure, arguing "[t]he evidence contained in the record is insufficient as a matter of law to sustain a conviction of especially aggravated robbery." Furthermore, counsel argued at the hearing on the motion for new trial that the proof did not "rise to the level of proof beyond a reasonable doubt." Clearly, counsel did challenge the sufficiency of the evidence prior to direct appeal. We conclude that the petitioner has failed to demonstrate that counsel's performance was not within the range of competence demanded of criminal defense attorneys.

Even assuming that counsel's performance was deficient, the petitioner has failed to show any prejudice resulting from the deficiency. The petitioner asserts that, if he had been convicted of the lesser charge of aggravated robbery, he would have received a lesser sentence and would have been eligible for release after serving thirty percent (30%) of his sentence. However, the petitioner has not shown a reasonable probability that, but for counsel's error, the petitioner would have been convicted of aggravated robbery. The State's proof showed that the victim in this case was shot and his money was taken. Moreover, the jury was instructed as to the State's burden of proof, the elements of especially aggravated robbery and aggravated robbery, and the definition of what constitutes "serious bodily injury." Based on the evidence, the jury found the petitioner guilty of especially aggravated robbery, and the trial court accepted the jury's verdict, stating at the hearing on the motion for new trial that "the Court does believe and adopts the jury's verdict, and . . . the evidence was sufficient to support the verdict." The petitioner has not shown that the jury would have reached a different conclusion but for counsel's failure to challenge the sufficiency of the evidence. This issue is without merit.

The petitioner also complains that counsel was ineffective in failing to challenge the sufficiency of the evidence on appeal. However, the petitioner presented no evidence at the post-conviction hearing to show that counsel's decision to forego challenging the sufficiency of the evidence on appeal fell below an objective standard of reasonableness. The petitioner merely argued that, on appeal, "[t]esting of the proof and application of the corresponding law is fundamental to effective assistance [of counsel]. This is 'the stuff' the lawyers are supposed to know that others do not, and is one reason they are needed." Contrary to the petitioner's argument, "there is no constitutional requirement that an attorney argue every issue on appeal. . . . Generally, the determination of which issues to present on appeal is a matter which addresses itself to the

professional judgment and sound discretion of appellate counsel." <u>Cooper</u>, 849 S.W.2d at 747 (citing <u>Jones v. Barnes</u>, 463 U.S. 745, 750-51, 103 S. Ct. 3308, 3312 (1983)). The petitioner asserts that he "can not (sic) imagine what strategy was in [counsel's] mind that would lead counsel not to raise these issues." As previously noted, this court will not "second guess" the tactical and strategical decisions of counsel, particularly where there has been no evidence presented, such as the testimony of trial or appellate counsel at the post-conviction hearing, to show that such a decision amounted to deficient representation. Because the petitioner has failed to demonstrate deficient performance on the part of counsel, we need not address the prejudice prong. This issue is without merit.

### III.  Conclusion
Based on the foregoing, the judgment of the post-conviction court is affirmed.


                                      _____

                                        NORMA McGEE OGLE, JUDGE