IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2003

## TERRY FRANKLIN STOGDILL v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Claiborne County**
**No. 11,472     O. Duane Slone, Judge**

---

**No. E2002-02928-CCA-R3-PC**
**December 18, 2003**

---

The petitioner, Terry Franklin Stogdill, was convicted by a jury in the Claiborne County Criminal Court of one count of rape of a child and one count of incest. The trial court sentenced the petitioner to an effective twenty year sentence to be served in the Tennessee Department of Correction. Following an unsuccessful appeal of his convictions, the petitioner timely filed a petition for post-conviction relief. The petitioner now appeals the dismissal of his petition. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Robert W. Scott, Jacksboro, Tennessee (on appeal), and Benjamin S. Pressnell, Tazewell, Tennessee (at trial), for the appellant, Terry Franklin Stogdill.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William Paul Phillips, District Attorney General; and John W. Galloway, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

On December 15, 1994, the petitioner was convicted by a jury of one count of rape of a child and one count of incest. The trial court sentenced the petitioner to an effective sentence of twenty years incarceration. The petitioner subsequently filed a direct appeal, challenging the denial of his motion to suppress, the denial of his motion for a continuance to obtain a forensic evaluation, the denial of his motion to require the State to elect offenses, and his sentence. This court affirmed the

petitioner's convictions and sentences.[1]  State v. Terry Franklin Stogdill, No. 03C01-9507-CC-00188, 1998 Tenn. Crim. App. LEXIS 614 (Knoxville, June 10, 1998); perm. to appeal denied, concurring in results only (Tenn. 1999).

Thereafter, the petitioner timely filed a pro se petition for post-conviction relief, alleging, among numerous other grounds, ineffective assistance of counsel and the failure of the trial court to require the State to elect offenses.  The post-conviction court appointed counsel and held an evidentiary hearing.  At the conclusion of the hearing, the post-conviction court dismissed the petition.  On appeal, the petitioner challenges the dismissal of his petition for post-conviction relief.  Specifically, the petitioner contends:

> I.     [The petitioner] was denied effective assistance of counsel as a result of the failure of counsel to develop the insanity defense at trial or in the alternative, document evidence of this defense in order to show prejudice against [the] petitioner that resulted from the trial court's denial of his motion for a continuance for the purpose of obtaining a psychiatric examination.
>
> II.    The trial court committed reversible error in denying [the petitioner's] motion and request to require the State to elect at the close of its proof as to the particular incident for which a conviction in each count was being sought.

At the evidentiary hearing, the petitioner testified that trial counsel presented no evidence at trial and called no witnesses to testify on his behalf.  The petitioner claimed that he asked to testify at trial, but trial counsel told him, "I'm not going to put you on the stand, [because] you couldn't take it."  The petitioner stated, "I sat back and be quiet . . . like [trial counsel] told me to do."

The petitioner testified that overall trial counsel performed adequately.  However, the petitioner complained that trial counsel should have questioned the victim on cross-examination regarding inconsistencies in her testimonies at the preliminary hearing and at trial.  He further asserted that trial counsel should have asked about the two other individuals who the victim alleged had sexually abused her.  Nevertheless, the petitioner subsequently testified that he could not recall whether trial counsel had addressed these issues at trial.

---

[1] On July 17, 1997, while his case was on direct appeal before this court, the petitioner filed a pro se petition for post-conviction relief in the Claiborne County Criminal Court.  After this court affirmed the petitioner's convictions on direct appeal, the post-conviction court dismissed the post-conviction petition on the merits, despite the fact that the sixty-day period for filing an application for permission to appeal to the Tennessee Supreme Court had not yet run.  Tenn. R. App. P. 11(b).  The petitioner appealed the post-conviction court's dismissal of his petition.  This court subsequently affirmed the dismissal of the petition, concluding that the petition had been prematurely filed.  However, because the post-conviction court's order of dismissal was based upon the determination of issues on the merits, this court remanded to the trial court for the modification of the judgment to reflect that the basis for the dismissal was premature filing.  See Terry Franklin Stogdill v. State, No. 03C01-9904-CR-00136, 1999 Tenn. Crim. App. LEXIS 1222 (Knoxville, Dec. 16, 1999).  The petitioner timely filed the instant petition on January 24, 2000.

On cross-examination, the petitioner acknowledged that trial counsel visited him once while the petitioner was in jail and twice while the petitioner was released on bond. The petitioner also acknowledged that trial counsel was well-informed of the facts of the case. The petitioner was unable to recall alleging in his petition that trial counsel failed to develop a defense strategy; however, he conceded that his "inmate adviser" prepared the petition. The petitioner claimed that, had trial counsel allowed him to present the testimony of witnesses, he would have called as a character witness his friend, Robert Carroll. According to the petitioner, Carroll would have testified that "he never knowed of anything like that ever[] happening before." The petitioner acknowledged that he did not know how an expert witness would have shown at trial that the petitioner was under the influence of drugs when he was questioned by the police. Moreover, the petitioner conceded that his ex-wife testified that during questioning by the police the petitioner was under the influence of drugs.

Trial counsel, the assistant public defender appointed to represent the petitioner at trial, testified at the evidentiary hearing that he had previously "tr[ied] a large number of serious Class A and B [f]elonies involving child sex abuse." He related that he discussed the facts of the case with the petitioner, and that the State provided sufficient discovery for trial counsel to prepare for trial. Trial counsel stated that the victim's statement to the Department of Children's Services (DCS) and her statement at the preliminary hearing were inconsistent and that he questioned the victim at trial regarding these inconsistencies. However, trial counsel explained that in his experience, although children's statements and testimonies are generally inconsistent, they may nevertheless be credible.

Trial counsel testified that prior to trial he filed a motion to suppress the petitioner's statement to the police, alleging that the petitioner was on medication at the time of questioning. Trial counsel stated that he simultaneously filed a motion for a continuance. Trial counsel explained that this motion was based upon medical records which raised a concern about the petitioner's competence to stand trial. However, following a hearing, the trial court denied the motions. Trial counsel testified that he challenged the denial of the motions on direct appeal, but this court affirmed the judgment of the trial court.

Trial counsel testified that the petitioner's defense at trial was that "he didn't do it," and the preparation of the defense was not hampered by receiving the victim's statement to DCS the day before trial. Trial counsel further stated that his preparation was not hampered by the State's filing the bill of particulars shortly before trial. He explained, "It's very rare that you can get a specific date [in cases involving the sexual abuse of children]." Trial counsel denied telling the petitioner that he could not call witnesses to testify on his behalf. Regarding the petitioner's claim that trial counsel did not allow him to testify, trial counsel stated,

> I can say that I would never had told him, no, you cannot testify under any circumstances. . . . But I would have weighed the pros and cons and then if he wanted to testify after, you know, my advice, then certainly I would have called him as a witness if that's what he wanted.

According to trial counsel, the petitioner testified at the hearing on the motion to suppress and did not "do well."

## II. Analysis

In a post-conviction proceeding, the petitioner bears the burden of proving the grounds raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997).[2] "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

On appeal, a claim of ineffective assistance of counsel presents a mixed question of law and fact subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). As such, the post-conviction court's findings of fact are entitled to a presumption of correctness unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, a post-conviction court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely de novo review with no presumption of correctness. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)).

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Id. at 370.

To establish constitutionally deficient performance, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064; Burns, 6 S.W.3d at 462. Specifically, the petitioner must show that

---

[2] In 1995, former sections 40-30-101–124 were repealed and the chapter renumbered the sections 40-30-201–222. 1995 Tenn. Pub. Acts, ch. 207, § 1. The 2003 bound volume of Tennessee Code Annotated designates the sections as 40-30-101–122.

counsel's performance was not within "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; see also Dean v. State, 59 S.W.3d 663, 667 (Tenn. 2001).

The petitioner contends that trial counsel was ineffective for failing to raise at trial the issue of the petitioner's mental state or, in the alternative, to document evidence of this defense in order to demonstrate prejudice resulting from the trial court's denial of the petitioner's motion for a continuance to obtain a psychiatric evaluation. The State asserts that the petitioner failed to introduce evidence on this issue at the evidentiary hearing and, thus, has failed to demonstrate prejudice resulting from trial counsel's alleged deficient performance. We agree.

"When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Generally, "this is the only way the petitioner can establish that (a) a material witness existed and the witness could have been discovered but for counsel's neglect in his investigation of the case, (b) a known witness was not interviewed, (c) the failure to discover or interview a witness inured to his prejudice, or (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." Id. At the evidentiary hearing, the petitioner failed to present the testimony of a mental health expert regarding his mental state. In fact, at the evidentiary hearing, the petitioner offered no testimony or argument on this issue. Accordingly, we conclude that the petitioner has failed to show that he was prejudiced by trial counsel's alleged deficient performance. This issue is without merit.

Next, the petitioner contends that "the trial court committed reversible error in denying [the petitioner's] motion . . . to require the State to elect at the close of its proof as to the particular incident for which a conviction in each count was being sought." The petitioner submits that, due to this error, his convictions must be reversed and the cases remanded for a new trial. The State asserts that the trial court properly denied post-conviction relief on this ground because the claim had been previously determined and, thus, was not appropriate for post-conviction review. We agree.

Tennessee Code Annotated section 40-30-206(f) (1997) provides that "[i]f the facts alleged [in the petition for post-conviction relief], taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." In other words, issues that have been previously determined on direct appeal cannot support a petition for post-conviction relief. State v. Harris, 947 S.W.2d 156, 174-75 (Tenn. Crim. App. 1996). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." Tenn. Code Ann. § 40-30-206(h) (1997). In the instant case, the issue of requiring the State to elect offenses was raised at trial, at the hearing on the motion for new trial, and on direct appeal. The trial court found that the State was

"not . . . required to elect in this case." On direct appeal, a panel of this court determined that "[t]he lack of indictment specificity and the evidence of multiple offenses warranted [S]tate election." <u>Terry Franklin Stogdill</u>, 1998 Tenn. Crim. App. LEXIS 614, at \*\*31-32. However, the panel concluded that based upon the circumstances, the failure to elect was harmless beyond a reasonable doubt. <u>Id.</u> at \*34. Accordingly, this issue has been previously determined and cannot be a basis for post-conviction relief.

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE