# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 13, 2004

## EDDIE WAYNE GORDON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Gibson County**
**No. 12785     Clayburn Peeples, Judge**

---

**No. W2003-02376-CCA-R3-PC  - Filed May 7, 2004**

---

The Appellant, Eddie Wayne Gordon, appeals the Gibson County Circuit Court's denial of his petition for post-conviction relief.  In 1983, Gordon pled guilty to first degree murder and was sentenced to life imprisonment.  In 1984, Gordon, proceeding *pro se,* filed the instant petition for post-conviction relief.  For twenty years, Gordon has unsuccessfully sought an evidentiary hearing on his petition. Fundamental fairness dictates that Gordon receive the process that is due him. Accordingly, the judgment of the trial court is reversed, and this matter is again remanded to the Gibson County Circuit Court for an evidentiary hearing upon Gordon's petition for post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed and Vacated**.

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT and NORMA MCGEE OGLE, JJ., joined.

Eddie Wayne Gordon, *pro se*, Henning, Tennessee.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

In 1983, a Gibson County grand jury returned a two-count indictment against the Appellant, charging him with first degree murder of his ex-girlfriend and arson of the house in which she was residing.  The Appellant set fire to the residence and then shot the victim as she appeared at the door.  On October 24, 1983, the Appellant pled guilty to first degree murder and received a sentence of life imprisonment.  On April 14, 1984, the Appellant filed the instant *pro se* petition for post-conviction relief, alleging ineffective assistance of counsel and that his guilty plea was "unknowingly" entered.  During the period from 1984 through 1998, the Appellant, proceeding *pro se*, filed fifteen motions in an effort to facilitate first-tier review of his petition.  In August 1985, the trial court dismissed the

Appellant's petition without an evidentiary hearing, finding that no ground for relief was presented. In 1986, this court reversed the trial court's ruling and remanded for appointment of counsel and an evidentiary hearing. *Eddie Wayne Gordon v. State*, 1986 Tenn. Crim. App. LEXIS 2200 (Tenn. Crim. App. at Jackson, Jan. 29, 1986).

Counsel was appointed in 1986. However, the only motion filed by appointed counsel over the next twelve years was a motion to withdraw filed in 1998, which was granted. During this period, the Appellant continued to file *pro se* motions in furtherance of his case. Following this court's remand in 1986, the trial court entered an order on July 28, 1986, continuing the case "indefinitely." However, on March 16, 1987, without notice to the Appellant, the trial court dismissed the petition for failure to prosecute. Notwithstanding dismissal of the case, motions continued to be filed and heard by various trial judges sitting by interchange during the duly-elected judge's illness. Indeed, a total of five different trial judges have presided over these proceedings.

In January 1999, Judge Don Allen appointed the public defender's office to represent the Appellant. Over the next two years, the public defender's office investigated the matter and made preparations for an evidentiary hearing. On December 27, 2001, the public defender's office filed a motion to determine the status of the case. On March 14, 2002, Judge Terry Lafferty concluded that because the petition had been dismissed in 1987, there was nothing pending before the court to act upon.

On June 13, 2003, the Appellant, again proceeding *pro se*, filed a motion for the trial court to reconsider the order of March 9, 1987, which dismissed the petition for post-conviction relief for failure to prosecute. On October 8, 2003, Judge Clayburn Peeples entered an order dismissing the petition, stating that the petition "fails to state any ground or claim upon which relief should be granted under the Post Conviction Procedures Act. . . ." The Appellant timely appealed to this court.

First, we would note that Judge Peeples' ruling that ineffective assistance of counsel is not a cognizable claim for post-conviction relief returns us full circle to Judge Dick Jerman, Jr.'s 1985 ruling holding the same. It is, and now should be fundamental, that ineffective assistance of counsel constitutes a claim upon which post-conviction relief can be granted. *Dean v. State*, 59 S.W.3d 663, 667 (Tenn. 2001); *see also Roosevelt Malone v. State*, No. E2002-00782-CCA-R3-PC (Tenn. Crim. App. at Knoxville, May 16, 2003). Moreover, the record reflects that in 1983, Judge Peeples was the District Attorney General who signed the indictment against the Appellant, who prosecuted the case, and who filed the motion to dismiss the post-conviction petition in 1984 upon grounds that it failed to state a claim for which relief could be granted.

Article VI, Section 11, of the Tennessee Constitution provides that no judge "shall preside on the trial of any cause . . . in which he may have been counsel . . . except by consent of the parties." Moreover, Tennessee Code Annotated section 17-2-101(3) restates this prohibition. Additionally, Rule 10, Canon 3E(1)(b), Rules of the Supreme Court of Tennessee, provides that a judge who served as a lawyer in the matter in controversy shall disqualify himself from presiding over any further proceeding. As the record contains no waiver of disqualification by the Appellant,

plain error requires that the October 8, 2003 ruling by the trial court must be vacated. Tenn. R. Crim. P. 52(b).

This matter has languished in the system for twenty years. While we acknowledge the propriety of the State's present argument, based in part on the fact that there is no direct appeal of a motion to reconsider, we refuse to compound the miscarriage of justice placed upon the Appellant by another procedural default. The trial court was under an order of this court to afford the Appellant appointed counsel and an evidentiary hearing. The record is silent as to any effort of appointed counsel to represent the Appellant.[1] This court is unable to discern any rational reason for dismissing the petition for failure to prosecute, when the inaction was caused by the trial court's own failure to rule on a motion and its order continuing the matter "indefinitely." Despite numerous attempts to seek relief from this action, the Appellant's uncounseled efforts have met with no success. The Appellant has yet to be afforded his day in court on his petition for post-conviction relief. It is more than apparent that the Appellant is entitled to a hearing on his petition for post-conviction relief as a matter of both fundamental fairness and procedural due process. *See Van Tran v. State*, 66 S.W.3d 790, 812 (Tenn. 2001) (application of fundamental fairness in context of post-conviction procedures); *see generally Williams v. State*, 44 S.W.3d 464 (Tenn. 2001).

For the above reasons, the judgment of dismissal entered by the trial court is reversed, and this matter is remanded to the trial court for an evidentiary hearing upon the Appellant's 1984 petition for post-conviction relief. The public defender's office remains as counsel of record.

_____
DAVID G. HAYES, JUDGE

---

[1]Tennessee Code Annotated section 40-30-107(b)(1) provides that the court is required to appoint counsel when requested by an indigent petitioner. In furtherance of his duties, counsel is required to "review the petition, consult with petitioner, and investigate all possible constitutional grounds for relief for the purpose of filing an amended petition, if necessary." R. Tenn. Sup. Ct. 28.