IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2005

## STEVEN VAN TUCKER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**Nos. 7563, 7577    Joseph H. Walker, III, Judge**

---

**No. W2004-02693-CCA-R3-PC - Filed September 6, 2005**

---

In case number 7563, the petitioner, Steven Van Tucker, pled guilty in the Lauderdale County Circuit Court to theft of property valued between five hundred and one thousand dollars, and the trial court sentenced him to four years and six months in confinement. In case number 7577, the petitioner pled guilty to burglary, car burglary, theft of property valued more than one thousand dollars but less than ten thousand dollars, and two counts of misdemeanor theft, and the trial court sentenced him to an effective sentence of four years in confinement. The trial court ordered that the sentence in case number 7577 be served consecutively to the sentence in case number 7563 for an effective sentence of eight years and six months. Subsequently, the petitioner filed a petition for post-conviction relief, claiming that he received the ineffective assistance of trial counsel and that his guilty pleas were not voluntarily and intelligently entered. The trial court denied the petition for post-conviction relief. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

D. Michael Dunavant, Ripley, Tennessee, for the appellant, Steven Van Tucker.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Tracey Brewer-Walker, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

The record reflects that the petitioner stole one hundred gallons of the chemical known as Roundup from Fullen Farms. While on bond for that offense, the petitioner was arrested for

burglary, car burglary, theft of property valued more than one thousand dollars but less than ten thousand dollars, and two counts of misdemeanor theft. On January 23, 2004, he pled guilty to all of the offenses. Pursuant to the plea agreement, the petitioner received an effective sentence of eight years and six months in confinement. Subsequently, he filed a petition for post-conviction relief. The trial court appointed counsel, and the petitioner amended his petition, claiming that he received the ineffective assistance of counsel and that he did not voluntarily and intelligently enter his guilty pleas.

At the evidentiary hearing, the petitioner's trial counsel testified that she had been an assistant public defender for twelve years. She met with the petitioner about four times and spoke with him over the telephone once or twice. Although the petitioner had not graduated from high school, counsel was fairly certain that he had understood the charges against him. The petitioner's trial attorney did not recall the petitioner telling her that he could not read or write, but she stated that she normally read everything to her clients because she was never certain as to whether her clients could read. The petitioner's attorney related that the petitioner gave her his girlfriend's name as a witness but that the petitioner's girlfriend was going to testify as a witness for the State. She did not recall the petitioner's giving her the name of an alibi witness. However, she stated that if the petitioner had given her other witnesses' names, she would have investigated them.

Counsel testified that the State made a plea offer, that she presented the offer to the petitioner, and that the petitioner decided to accept the offer. The petitioner told his attorney that he had a drug problem and that his drug problem caused him to commit the crimes. The petitioner's trial attorney told him that he may be eligible for inpatient rehabilitation as an alternative sentence to confinement. At the petitioner's sentencing hearing, counsel requested that the petitioner receive rehabilitation instead of incarceration, but the trial court refused. The trial court told the petitioner that it would reconsider his request at a later time. Counsel testified that she had not guaranteed the petitioner that he would receive rehabilitation instead of confinement. She related that she told the petitioner she would request rehabilitation but that it would be the court's decision. She also told the petitioner that once he was transferred to the Department of Correction, the trial court would no longer be able to grant his request for an alternative sentence.

Trial counsel did not recall the petitioner's telling her that he was in the Tipton County jail at the time the offenses in case number 7577 were committed. If the petitioner had told her that he had been in jail, she would have telephoned the jail to verify his claim. Counsel stated that she told the petitioner he would be sentenced as a Range II offender and "what he would be risking" if he went to trial. She also told him the ranges of punishment for the offenses and that the sentences in the two cases would have to be served consecutively because the petitioner committed the offenses in case number 7577 while he was on bond in case number 7563. When the petitioner decided to plead guilty, the petitioner's trial attorney read the guilty plea forms to him and asked him if he had any questions. She stated that she went over the forms with him so that he would understand exactly what offenses he was pleading guilty to and the range of punishment for the offenses. She stated that she did not recall whether the petitioner was unhappy with her representation.

On cross-examination, trial counsel testified that the petitioner was familiar with the legal system and that he never asked her to subpoena witnesses. She stated that at the guilty plea hearing, the trial court asked the petitioner if he was satisfied with his attorney's representation and the petitioner said, "Yes." The trial court also asked the petitioner if he had had enough time to meet with his attorney, and the petitioner again answered, "Yes." The petitioner's attorney stated that the petitioner told the trial court at the guilty plea hearing that no one had forced him to enter his guilty pleas.

The petitioner testified that he went through the ninth grade in school and could not read or write. He said that when he met with his attorney, he tried to explain "the situation" to her but that she would not talk to him and "had an attitude." The petitioner told his attorney that he was in the Tipton County jail when the theft in case number 7563 occurred and that he told his attorney to speak with his sister but his attorney refused. The petitioner's attorney told the petitioner that he would get a sixteen-year sentence if he went to trial. The possibility of a long sentence scared the petitioner. He told counsel that he did not commit the offenses; however, he said that he needed help with his drug problem. The petitioner's attorney promised him that he would receive rehabilitation if he pled guilty. At the guilty plea hearing, the petitioner did not tell the trial court that he had a problem with his attorney's representation because "I didn't know that you can just speak out and talk to the Judge like that." He stated that the only reason he accepted the State's plea offer was so that he could receive rehabilitation as an alternative sentence to confinement.

The petitioner testified that he gave his attorney the names of his brother and sister as witnesses but that she refused to contact them. He stated that he did not read over the guilty plea forms before he pled guilty and that his attorney did not read the forms to him. Based on the petitioner's conversations with his attorney, the petitioner did not think he would receive any jail time and that he would just receive rehabilitation. He felt that the outcome of his cases would have been different if he had gone to trial. On cross-examination, he admitted to stealing some items in the current cases and to having prior convictions for aggravated burglary and theft. He said that his attorney knew he could not read or write and that she talked him into pleading guilty. He stated that he tried to talk to his attorney during his guilty plea hearing, but she told him to hush and rolled her eyes.

In denying post-conviction relief, the post-conviction court specifically accredited trial counsel's testimony over that of the petitioner. The post-conviction court noted that although the petitioner testified that he told his trial attorney he was in the Tipton County jail at the time of the offense in case number 7563, counsel testified that the petitioner never told her he had an alibi for the crime. Moreover, the trial court noted that although the petitioner claimed his attorney promised him that he would receive an alternative sentence in the form of rehabilitation, the petitioner's attorney testified that she never made such a promise.

The post-conviction court also reviewed the guilty plea hearing transcript. The post-conviction court noted that at the guilty plea hearing, the trial court informed the petitioner as to what his sentences would be, and the petitioner agreed to the sentences. The trial court also asked the

petitioner if he was satisfied with his trial attorney's representation, and the petitioner said he was satisfied. The petitioner stated at the guilty plea hearing that no one was forcing him to plead guilty, and he did not have any questions about the proceeding. During the guilty plea hearing, the petitioner told the trial court that he had been over the plea agreement forms with his attorney and that he understood what he was doing. The post-conviction court stated that the guilty plea hearing transcript showed that the trial court thoroughly questioned the petitioner, that the petitioner was well-aware of his right to a jury trial, and that the petitioner pled guilty voluntarily and intelligently.

## II. Analysis

The petitioner claims that he received the ineffective assistance of counsel because his attorney met with him only four times, told him that he would receive a sixteen-year sentence if he went to trial, failed to advise him about the consequences of his plea, failed to advise him as to the ranges of punishment, and promised him that he would receive an alternative sentence if he pled guilty. He argues that as a result of his receiving the ineffective assistance of counsel, his guilty pleas were not voluntarily and intelligently entered. Specifically, he contends that his attorney coerced him into pleading guilty by promising him that he would be sentenced to a drug rehabilitation program instead of confinement. The State claims that the trial court properly denied post-conviction relief. We agree with the State.

In a post-conviction proceeding, the petitioner bears the burden of proving the grounds raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

On appeal, a claim of ineffective assistance of counsel presents a mixed question of law and fact subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). As such, the post-conviction court's findings of fact are entitled to a presumption of correctness unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, a post-conviction court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely de novo review with no presumption of correctness. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient

and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)).

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Id. at 370.

To establish constitutionally deficient performance, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064; Burns, 6 S.W.3d at 462. Specifically, the petitioner must show that counsel's performance was not within "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). On appeal, this court will neither second guess the tactical and strategic decisions of defense counsel, nor measure the representation by "20-20 hindsight." Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; see also Dean v. State, 59 S.W.3d 663, 667 (Tenn. 2001).

Initially, we note that the petitioner has failed to include in the record for our review a transcript of the guilty plea hearing. The transcript of the guilty plea hearing was before the post-conviction court, and the post-conviction court's decision was heavily based upon the contents of that transcript. It is the petitioner's duty to make sure that a complete and accurate record is before this court on appeal; otherwise, the issues raised by the petitioner may be considered waived. See Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997); State v. William Ricky Wayne Herrell, No. M1999-02475-CCA-R3-CD, 2000 WL 804712, at *4 (Tenn. Crim. App. at Nashville, June 23, 2000). However, based upon the testimony at the post-conviction hearing, we can conclude that the weight of the evidence does not preponderate against the post-conviction court's findings.

The petitioner's trial attorney testified that she received discovery in the case and discussed the case with the petitioner four times in person and once or twice over the telephone. She stated that she believed the petitioner understood the charges against him and that it was her practice to read everything to her clients. She related that when the State made its plea offer, she presented it to the petitioner, and he decided to accept it. Although the petitioner claimed that his attorney promised him that he would receive an alternative sentence in the form of inpatient rehabilitation, the petitioner's attorney testified that she made no such promise to the petitioner and that she told him the ultimate decision about alternative sentencing would rest with the trial court. The attorney

-5-

also told the petitioner "what he would be risking" if he went to trial, that he would be classified as a Range II offender, and that he would have to serve the sentences in the two cases consecutively. Finally, she testified that she read the guilty plea forms to the petitioner and went over the forms with him. The trial court specifically accredited the trial attorney's testimony over that of the petitioner, and we can find no evidence in the record to preponderate against the post-conviction court's findings.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE