IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2003

## ANTHONY VEASLEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-23908    W. Otis Higgs, Judge**

-------------------

**No. W2002-02806-CCA-MR3-PC  - Filed February 17, 2004**

-------------------

The petitioner, Anthony Veasley, was convicted by a Shelby County jury of aggravated robbery, a Class B felony.  The trial court sentenced the petitioner as a Range II multiple offender to nineteen years in the Tennessee Department of Correction.  Following an unsuccessful appeal of his conviction, the petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel at trial.  The petitioner now brings this appeal challenging the post-conviction court's denial of his petition.  After reviewing the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Jake Erwin, Memphis, Tennessee, for the appellant, Anthony Veasley.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William L. Gibbons, District Attorney General; and Greg Gilluly, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## I.  Factual Background

The petitioner was convicted by a Shelby County jury of aggravated robbery.  The trial court sentenced the petitioner as a Range II multiple offender to nineteen years incarceration.  The petitioner subsequently filed a direct appeal, asserting that the State had failed to present sufficient evidence to support his conviction for aggravated robbery.  This court affirmed the conviction.  State v. Anthony Veasley, W1999-1977-CCA-R3-CD, 2000 WL 204909 (Tenn. Crim. App. at Jackson, Feb. 10, 2000).

Thereafter, the petitioner timely filed a pro se petition for post-conviction relief. The post-conviction court appointed counsel to represent the petitioner, and an amended petition was filed, alleging that the petitioner received ineffective assistance of counsel at trial. The post-conviction court subsequently held an evidentiary hearing at which the petitioner and his trial counsel testified. At the conclusion of the testimony, the post-conviction court took the matter under advisement. On February 13, 2002, the post-conviction court entered an order denying the petition, finding that the petitioner failed to prove his allegations by clear and convincing evidence. The petitioner now brings this appeal challenging the post-conviction court's denial of his petition for post-conviction relief.

## II. Analysis

In a post-conviction proceeding, the petitioner bears the burden of proving the grounds raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997).[1] "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

On appeal, a claim of ineffective assistance of counsel presents a mixed question of law and fact subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). As such, the post-conviction court's findings of fact are entitled to a presumption of correctness unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, a post-conviction court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely de novo review with no presumption of correctness. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)).

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address

---

[1] In 1995, former sections 40-30-101–124 were repealed and the chapter renumbered the sections 40-30-201–222. 1995 Tenn. Pub. Acts, ch. 207, § 1. The 2003 bound volume of Tennessee Code Annotated designates the sections as 40-30-101–122.

both if the [petitioner] makes an insufficient showing of one component.

Id. at 370.

To establish constitutionally deficient performance, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064; Burns, 6 S.W.3d at 462. Specifically, the petitioner must show that counsel's performance was not within "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). On appeal, this court will neither "second guess" the tactical and strategic decisions of defense counsel, nor measure the representation by "20-20 hindsight." Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; see also Dean v. State, 59 S.W.3d 663, 667 (Tenn. 2001).

On appeal, the petitioner first complains that trial counsel was ineffective for failing to subpoena alibi witness, Bill Aldridge. At the evidentiary hearing, the petitioner testified that he provided trial counsel with Aldridge's name, address, and telephone number, but Aldridge was never subpoenaed. The petitioner related that Aldridge was a former employer who would have "exonerate[d]" him. The petitioner stated, "I know for a fact that if Bill Aldridge had . . . been subpoenaed to testify, I would have walked out of the courtroom a free man."

Trial counsel conceded that "[t]here was an alibi witness that we attempted to locate that I believe was going to be able to state . . . that [the petitioner] was at work at the time this crime occurred." Trial counsel further related that the petitioner had given him Aldridge's phone number and address. However, numerous attempts to locate Aldridge were unsuccessful, and trial counsel decided not to have a subpoena issued, believing it was "improper" to ask the court to issue a subpoena for an individual whose address he had been unable to verify. Moreover, trial counsel stated that he did not want to subpoena a witness without knowing what the witness's testimony would be.

"When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). A petitioner is not entitled to relief on this ground "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." Id. at 758. The only witnesses to testify at the evidentiary hearing were the petitioner and trial counsel. The petitioner failed to present the testimony of Bill Aldridge, the alleged alibi witness. Accordingly, the petitioner is not entitled to relief on this ground.

Next, the petitioner asserts that trial counsel was inadequately prepared for trial. We note that the petitioner was initially represented by Diane Thackery, an assistant public defender with the

Shelby County Public Defender's Office. However, three months prior to trial, Thackery was transferred to the Public Defender's Capital Defense Team, and trial counsel was substituted to represent the petitioner.

At the evidentiary hearing, the petitioner testified that he believed three months was not a sufficient amount of time to prepare for a trial. The petitioner further claimed that trial counsel met with him only twice prior to trial. Trial counsel visited the petitioner at the jail on one occasion prior to trial and again in court on the day of trial, discussing the case four minutes prior to the selection of the jury. The petitioner testified that he sent letters to trial counsel, but trial counsel never responded.

The petitioner testified that trial counsel made no effort to prepare a defense or develop a strategy for trial. The petitioner stated that he filed motions to have trial counsel removed as counsel, asserting that "he wouldn't talk to me about my case." According to the petitioner, trial counsel "didn't care if I was guilty or innocent. All he wanted to do was take me to court and get me convicted [because] I didn't cop out to what the State was offering me." Trial counsel had advised the petitioner that the State was offering a sentence of twelve years, but the petitioner said he "wouldn't take twelve seconds." The petitioner stated, "[I]f [trial counsel] had took his time and studied the case, . . . we could have beat this case."

Trial counsel testified at the evidentiary hearing that when he was substituted to represent the petitioner, the case was already set for trial. Prior to trial, he met with the petitioner "a couple of times," including a visit at the jail. Trial counsel related that although Thackery told him that "she didn't believe it was[] a matter . . . to be settled," he was obligated to advise the petitioner of the State's plea offer, which offer the petitioner refused.

Trial counsel testified that he was adequately prepared for trial. According to trial counsel, Thackery had received discovery and thoroughly investigated potential witnesses and defenses. Thackery provided trial counsel with a "well-prepared file," which trial counsel reviewed. Trial counsel also met with Thackery two or three times prior to trial, discussing the facts of the case and all plausible defenses. Trial counsel stated, "[W]e [decided] to argue that the victim basically stole the videotape, took money, and then claimed there was a robbery when in fact there was not."

We conclude, as did the post-conviction court, that the petitioner has failed to demonstrate that trial counsel's performance was deficient. Trial counsel testified that he reviewed the petitioner's case file and discussed the case with Thackery, who had investigated potential witnesses and defenses. Moreover, the testimony at the evidentiary hearing did not support the petitioner's allegation that trial counsel did not prepare a defense for trial. Trial counsel testified that he presented the only plausible defense by suggesting that the victim had fabricated the robbery. Based upon the foregoing, we are unable to conclude that trial counsel's performance was not within the range of competence demanded of criminal defense attorneys. Because the petitioner failed to demonstrate deficient performance on the part of trial counsel, we need not address prejudice.

-4-

Next, the petitioner complains that because the photographic lineup presented to the victim at trial was unduly suggestive, trial counsel should have filed a motion to suppress the lineup. At the evidentiary hearing, the petitioner claimed, "I [was] the lightest person on the lineup, and . . . the only light-skinned person in the courtroom . . . . [The victim could] do nothing but identify me if she is looking at my picture and I'm sitting in the courtroom." Trial counsel testified that in his opinion, the photographic lineup was not overly suggestive and, thus, a motion to suppress was not warranted. Trial counsel further stated that the victim had been able to identify the petitioner because she allegedly knew him.

In its order denying the petition for post-conviction relief, the post-conviction court found that the petitioner failed to prove by clear and convincing evidence that trial counsel's failure to file a motion to suppress constituted deficient performance. The post-conviction court accredited the testimony of trial counsel, noting that trial counsel "cannot file a motion to suppress unless reasonable grounds exist." On appeal, the petitioner merely asserts that "the photo spread was overly suggestive, and trial counsel's failure to attempt to have the evidence suppressed was per se ineffective assistance of counsel." Moreover, the petitioner failed to include the photographic lineup in the record on appeal. Accordingly, we conclude that the petitioner has failed to demonstrate that the evidence preponderates against the findings of the post-conviction court.

In his final contention, the petitioner alleges numerous instances of ineffective assistance of counsel at trial, namely the failure to effectively cross-examine the victim, the failure to "emphasize" that no fingerprints were taken at the scene, the failure to "emphasize" that the victim did not notice the petitioner's tattoo, the failure to subpoena potential witness David McMahon or obtain his statement, and the failure to adequately investigate the petitioner's case.[2] Addressing each of these allegations in turn, the post-conviction court found that the petitioner had failed to meet his burden of proving the allegations by clear and convincing evidence. The evidence does not preponderate against the post-conviction court's findings.

At the evidentiary hearing, trial counsel testified that because the victim was credible, he decided not to ask her on cross-examination if she had fabricated the robbery, fearing her denial would damage the defense. As previously noted, this court will not "second guess" the tactical and strategic decisions of counsel. Cooper v. State, 849 S.W.2d at 746. Trial counsel also related that at trial he questioned the detective about fingerprints, but the detective was unable to recall if the scene had been processed for fingerprints. Both the petitioner and trial counsel testified that trial counsel questioned the victim about the tattoo on the petitioner's hand, and when the victim testified that she did not notice a tattoo, the petitioner was allowed to display the tattoo to the jury.

Regarding trial counsel's failure to subpoena David McMahon or obtain his statement, we note that trial counsel testified that the State subpoenaed McMahon, who had allegedly witnessed

---

[2] In his petition for post-conviction relief, the petitioner also argued that trial counsel was ineffective for failing to subpoena pertinent employment records and advising the petitioner not to testify at trial. However, these contentions were not pursued on appeal.

the robbery. Regardless, the petitioner failed to present the testimony of McMahon at the evidentiary hearing. Accordingly, this issue is without merit.

Finally, when a petitioner claims that trial counsel was ineffective for failing to adequately investigate, the petitioner is obligated to show what a reasonable investigation would have revealed. Richard Leonard Mendoza v. State, M2001-01855-CCA-R3-PC, 2003 WL 1610824, at *17 (Tenn. Crim. App. at Nashville, Mar. 28, 2003), perm. to appeal denied (Tenn. Sept. 2, 2003) (citing Owens v. State, 13 S.W.3d 742, 756 (Tenn. Crim. App. 1999)). The petitioner failed to introduce testimony or other evidence to show how he would have benefitted from further investigation by trial counsel. We conclude that the petitioner has failed to demonstrate that the evidence preponderates against the post-conviction court's findings.

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE

-6-