IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 15, 2004

## JOHNNIE M. TALLEY, III v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Williamson County**
**No. 1199-360     Donald P. Harris, Judge**

_____

**No. M2002-02179-CCA-R3-PC - Filed June 8, 2005**

_____

After a bench trial, the Williamson County Criminal Court convicted the petitioner, Johnnie M. Talley, III, of five counts of making a false report and sentenced him to an effective sentence of eight years in the Department of Correction (DOC). Subsequently, the petitioner filed a petition for post-conviction relief, alleging (1) that his counsel was ineffective for failing to have him evaluated by a psychologist and (2) that he did not knowingly and voluntarily waive his rights to a jury trial or to testify. After an evidentiary hearing, the post-conviction court dismissed the petition, and the petitioner now appeals. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Tony L. Maples, Murfreesboro, Tennessee, and Mark M. Mizell, Franklin, Tennessee, for the appellant, Johnnie M. Talley, III.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper and Renee W. Turner, Assistant Attorneys General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

On appeal, this court stated the following facts:

On January 14, June 13, July 1, August 2, and

September 8, 1996, defendant placed the 9-1-1 calls giving rise to his convictions. In each case, he claimed injury or a need for assistance. Some of the ailments claimed by defendant included: bleeding from the head; spider bite; heatstroke; back, neck, and chest pains. In each instance, the emergency medical personnel found defendant in no distress and in no need of emergency medical treatment. Per agency policy, however, they transported defendant to the Williamson Medical Center emergency room at his request.

In the majority of these visits, emergency room medical records indicate a final diagnosis of toluene inhalation, substance abuse and/or a history of schizophrenia. On July 1, the diagnosis was insomnia.

The defense presented expert testimony by Robert N. North, D.Ed., who testified that defendant suffers from Obsessive Compulsive Disorder (OCD). His evaluation of defendant indicated that defendant may have known "down deep" that there was nothing wrong, but that he was driven by a compulsion to call 9-1-1 and could not help himself. This proof was deemed inadmissible at the guilt phase of the hearing, but was considered for sentencing purposes.

The trial court found the petitioner guilty of five counts of making a false report, a Class E felony, and sentenced him as a Range II, multiple offender to an effective sentence of eight years in the DOC. This court affirmed the petitioner's convictions. See State v. Johnnie M. Talley, III, No. 01C01-9710-CC-00450, 1998 Tenn. Crim. App. LEXIS 1326 (Nashville, Dec. 30 1998).

On November 8, 1999, the petitioner filed a petition for post-conviction relief, alleging numerous grounds of ineffective assistance of counsel at trial. The post-conviction court appointed counsel to represent the petitioner, and the petitioner filed an amended petition. In the amended petition, the petitioner alleged that he received the ineffective assistance of counsel because his trial attorney did not have him psychologically tested for competency and failed to appeal this court's affirmation of his convictions to the Tennessee Supreme Court. He also argued that the he did not knowingly and voluntarily waive his right to a jury trial. The trial court granted the petitioner a delayed appeal to the supreme court but denied the petitioner relief on all other grounds. On March 4, 2004, the supreme court denied the petitioner's application for discretionary appeal. See Johnnie M. Talley, III, v. State, No. M1997-00330-SC-DAT-CD, 2004 Tenn. LEXIS 164 (Nashville, Mar.

1, 2004).

At the evidentiary hearing, the petitioner's trial attorney testified that the petitioner originally had been charged with nine counts of filing a false report. He said that he discussed the charges with the petitioner and listened to the 9-1-1 tapes. He related that he was concerned about the petitioner's mental state, that the petitioner's mental state was relevant to the petitioner's defense, and that he did not believe the petitioner intended to violate any law. Dr. Robert North had been treating the petitioner, who had a history of inhaling paint thinner, and had completed a psychological evaluation of the petitioner in 1997. Counsel testified that he never had trouble communicating with the petitioner and that he did not believe another psychological evaluation was necessary. He said he was shocked that the trial court found the petitioner guilty of five counts and "totally shocked" that the trial court sentenced the petitioner to eight years in the DOC. Counsel testified that he did not specifically remember talking with the petitioner about the petitioner's right to a jury trial or his right to testify. However, he stated that he always discussed these rights with his clients and that it was a defendant's ultimate decision to waive the right to a jury trial and the right to testify. He said he had recommended that the petitioner not testify at trial but that the petitioner could have testified if he had wanted to.

On cross-examination, the petitioner's trial attorney testified that he talked with Dr. North and that his investigator talked with Dr. John Cain, a psychiatrist, about the petitioner's case. Dr. North believed the petitioner suffered from obsessive compulsive disorder (OCD) and counsel filed a notice of the defense's intent to introduce expert testimony regarding the petitioner's mental disease or defect. However, he said that neither Dr. North nor Dr. Cain believed the petitioner was incompetent to stand trial or insane at the time of the offenses. Counsel stated that he became licensed to practice law in Tennessee in 1972 and had tried about three hundred jury trials.

The petitioner testified that he was thirty-eight years old and had been receiving Social Security disability payments for his mental condition. He said that he was taking medication during his bench trial, that he had been under the influence of his medicine, and that Dr. Cain should have testified for him at trial. The petitioner testified that he waived his right to a jury trial because his trial attorney told him that "the judge is on your side" and that "this would be the end of it." He said that he had wanted a jury trial and that if he had had one, he did not believe he would have served any time in confinement. Regarding his right to testify, the petitioner said that he was "messed up" at the time of trial and could not assist his attorney with his defense. On cross-examination, the petitioner acknowledged that he had many prior convictions, that he had previously had a jury trial, and that he knew he had a right to a jury trial in this case. He acknowledged that he never asked the trial court for a jury trial but stated that he trusted his trial attorney's advice.

Regarding his claim that he received the ineffective assistance of counsel because his trial attorney failed to present evidence about his mental condition, the trial court noted that the petitioner did not have Dr. Cain testify at the evidentiary hearing. It also noted that in a 1997 letter written by Dr. Cain and introduced into evidence at the hearing, Dr. Cain stated that the petitioner had been diagnosed with schizophrenia complicated by chronic substance abuse. However, the trial court held

that neither Dr. North nor Dr. Cain had established a diminished capacity or insanity defense for the petitioner. Regarding the petitioner's claim that he did not knowingly and voluntarily waive his right to a jury trial, the trial court accredited the petitioner's trial attorney, who testified that he recommended the petitioner waive his right to a jury trial but that it was the petitioner's ultimate decision to do so. The trial court did not address the petitioner's claim that he did not knowingly and voluntarily waive his right to testify.

The petitioner claims that he received the ineffective assistance of counsel because his attorney failed to have him "examined to determine his competency to stand trial" and because he did not knowingly or voluntarily waive his rights to a jury trial or to testify. The State claims that the trial court properly denied post-conviction relief. We agree with the State.

## II. Analysis

In a post-conviction proceeding, the petitioner bears the burden of proving the grounds raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

On appeal, a claim of ineffective assistance of counsel presents a mixed question of law and fact subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). As such, the post-conviction court's findings of fact are entitled to a presumption of correctness unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, a post-conviction court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely de novo review with no presumption of correctness. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)).

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address

-4-

both if the [petitioner] makes an insufficient showing of one component.

Id. at 370.

To establish constitutionally deficient performance, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064; Burns, 6 S.W.3d at 462. Specifically, the petitioner must show that counsel's performance was not within "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). On appeal, this court will neither second guess the tactical and strategic decisions of defense counsel, nor measure the representation by "20-20 hindsight." Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; see also Dean v. State, 59 S.W.3d 663, 667 (Tenn. 2001).

As to the petitioner's claim that he received the ineffective assistance of counsel because his attorney failed to have him psychologically tested for competency, no mental health experts testified at the hearing. Without any proof at the hearing as to the petitioner's competency, he cannot demonstrate that he was prejudiced by his attorney's failure to have him evaluated or to call witnesses to testify on his behalf at trial. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

Regarding the petitioner's claim that he did not knowingly and voluntarily waive his right to a jury trial, the petitioner's attorney testified that he recommended to the petitioner that he waive a jury trial but that it was the petitioner's ultimate decision to do so. The trial court accredited the trial attorney's testimony. We have viewed a videotape of the petitioner's trial. The tape shows the petitioner signing a written waiver to a jury trial. The tape also shows that the trial court asked the petitioner if he understood that he had an absolute right to a jury trial and that the petitioner answered, "Yes." The trial court also asked the petitioner if his waiver was voluntary and if his attorney had advised him that he was giving up his right to a jury trial. The petitioner answered, "I'm going along with what my lawyer says." Finally, the trial court asked the petitioner if any medications he was taking would affect his ability to think, and the petitioner answered, "I'm alright." We do not believe the evidence preponderates against the trial court's finding that the petitioner knowingly and voluntarily waived his right to a jury trial.

Regarding the petitioner's claim that he did not knowingly and intelligently waive his right to testify, it is unquestionable that a criminal defendant has a fundamental, constitutional right to testify at trial. See Momon v. State, 18 S.W.3d 152, 161 (Tenn. 1999). This fundamental right may only be waived by the defendant himself. Id. "Generally, a right that is fundamental and personal to the defendant may only be waived if there is evidence in the record demonstrating 'an intentional relinquishment or abandonment of a known right or privilege.'" Id. at 161-62 (quoting Johnson v.

Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938)). A waiver of this right may not be presumed by a silent record. Id. at 162.

The trial in this case occurred prior to Momon, and Momon has no retroactive effect. Id. at 162-63. Therefore, the failure to have the petitioner waive his right to testify on the record is not determinative of the issue. Although the post-conviction court did not address it, the petitioner's trial attorney testified that it was the petitioner's ultimate decision not to testify, and the post-conviction court implicitly accredited the testimony of counsel. Moreover, the petitioner never stated at the hearing that he had wanted to testify or that his attorney had coerced him into waiving the right to testify. The trial court properly denied the petitioner's request for post-conviction relief.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE